UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ANDRES GOMEZ,

    Plaintiff,

vs.

BERAJA MEDICAL INSTITUTE INC. and
BERAJA INVESTMENTS, LTD.

    Defendants.

_____/

## **INJUNCTIVE RELIEF SOUGHT**

## **COMPLAINT**

Plaintiff, ANDRES GOMEZ ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Defendants BERAJA MEDICAL INSTITUTE INC. and BERAJA INVESTMENTS, LTD. (hereinafter "Defendants") for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. §12181, *et seq.* ("ADA") the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"), as well as violation of Section 504 of the Rehabilitation Act of 1973, 29.USC § 794 (the "Rehabilitation Act") against Defendant BERAJA MEDICAL INSTITUTE INC., and alleges as follows:

**JURISDICTION**

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. §12181, *et seq.*, based upon Defendants' failure to remove physical barriers to access and violations of Title III of the ADA (see also, 28 U.S.C. §§2201 and 2201).

2. The Court also has original jurisdiction over the action pursuant to 28 U.S.C. §§1331 and 1343 for Plaintiff's claims arising under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794.

3. This is an action for injunctive relief, declaratory judgment and monetary damages.

4. The remedy of monetary damages is sought exclusively under Section 504 of the Rehabilitation Act of 1973 and sought exclusively from Defendant BERAJA MEDICAL INSTITUTE INC.

5. Venue is proper in this federal district as all acts complained of occurred in Miami-Dade County, Florida.

**PARTIES**

6. Plaintiff, ANDRES GOMEZ is a resident of the State of Florida and this judicial district, is *sui juris*, is disabled as defined by the ADA and the Rehabilitation Act, is legally blind, and therefore is substantially limited in performing one or more major life activities, including but not limited to accurately visualizing his world, adequately traversing obstacles and walking without assistance.

7. Plaintiff uses the term "blind" or "blind person" to refer to persons with visual impairments who meet the legal definition of blindness in that they have a visual acuity with correction of less than or equal to 20 x 200. Some blind people who meet this definition have limited vision, whereas others have no vision.

8. Plaintiff's visual disabilities greatly impacts his ability to maneuver, ambulate and utilize public facilities. Because of his visual disabilities, Plaintiff is reliant upon public accommodations properly following the 2010 ADAAG standards in all aspects because he expects facilities within public accommodations to follow the 2010 ADAAG standards and this reasonable expectation permits him to safely and efficiently utilize such facilities whereas if said facilities were not compliant with the 2010 ADAAG standards Plaintiff may be exposing himself to dangers and difficulties in using such facilities.

9. Plaintiff's access to the real property located at 2550 South Douglas Rd, Coral Gables, FL 33134 that is listed in the Miami-Dade property appraiser's office with the folio number of 03-4117-005-1230 ("the Facility") and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of these disabilities, and will be denied and/or limited in the future unless and until Defendants are compelled to remove the physical barriers to access and correct the ADA violations which exist at the Facility, including those set forth in this Complaint.

10. Plaintiff had previously visited the Facility three times as a patient at Beraja Medical Institute. Beraja Medical Institute has offices located inside the Facility. Plaintiff had an appointment scheduled for September 10, 2015, scheduled by Mayte Garrido, an employee of Defendant, BERAJA MEDICAL INSTITUTE INC., but after experiencing the numerous barriers to access, he was dissuaded from being a patient until the Facility is cleared of said barriers. Plaintiff lives six miles from the Facility.

11. In this instance, Plaintiff travelled to the Facility as a patient, encountered the barriers to access at the Facility detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and Defendants' ADA violations discussed below.

12. Under the ADA, all places of public accommodation must ensure that the disabled have full and equal enjoyment of its goods and services by making reasonable modifications to its services.

13. Defendant, BERAJA MEDICAL INSTITUTE INC. is a Florida Corporation, and transacts business in the State of Florida and within this judicial district. It operates Beraja Medical Institute, located at 2550 South Douglas Rd, Coral Gables, FL 33134, referred to in the Complaint as the Facility. BERAJA MEDICAL INSTITUTE INC. is the lessee, sub-lessee, lessor and/or operator of the real property and improvements which are the subject of this action.

14. BERAJA MEDICAL INSTITUTE INC. has discriminated against Plaintiff on the basis of disability in the full and equal enjoyment of the services, facilities, privileges, advantages or accommodations through the Facility in violation of 42 U.S.C. § 12182(a); 28 C.F.R. § 36.201.

15. At all times relevant to this Complaint, Defendant BERAJA MEDICAL INSTITUTE INC. has received Medicare/Medicaid payments, or other federal funds payments for services rendered to their patients.

16. At all times relevant to this Complaint, Defendant BERAJA MEDICAL INSTITUTE INC. was either aware of or deliberately indifferent to the violations of the ADA and Section 504 of the Rehabilitation Act of 1973, described in this Complaint at the time the decision was made to locate this medical facility at the Property which was patently not compliant with the ADA.

17. At all times relevant to this Complaint, Defendant BERAJA MEDICAL INSTITUTE INC. had opportunities to correct the numerous exterior, interior ADA violations present at the property but chose not to do so.  Even though Defendant BERAJA MEDICAL INSTITUTE INC. is a tenant, the officers of BERAJA MEDICAL INSTITUTE INC. are officers of the owner of the Facility Defendant, BERAJA INVESTMENTS, LTD.  As such, Defendant BERAJA MEDICAL INSTITUTE INC. has operational control over the common areas of the Facility.

18. Defendant, BERAJA INVESTMENTS, LTD. is a Florida Corporation and transacts business in the State of Florida and within this judicial district. BERAJA INVESTMENTS, LTD. is the owner and/or operator of the Property.

Defendant, BERAJA INVESTMENTS, LTD. has listed as a general partner, Beraja Investments, Inc. Beraja Investments, Inc. has listed as its officers Victor and Roberto Beraja, the same officers listed as officers in control of BERAJA MEDICAL INSTITUTE INC.

**COUNT I: VIOLATION OF THE ADA AS TO BOTH DEFENDANTS**

19. Plaintiff reavers the allegations set forth in paragraphs 1 through 18 as though fully stated herein.

20. On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. §12101, *et seq.*

21. Congress found, among other things, that:

 (i) some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

 (ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

 (iii) discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

 (iv) individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

(v) the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity.

42 U.S.C. §12101(a)(1) - (3), (5) and (9).

22. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii) provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

(iv) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

23. The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement the requirements imposed by the ADA. The effective date of Title III of the ADA was January 26, 1992, or January 26, 1993 if defendant has 10 or fewer employees and gross receipts of $500,000 or less. 42 U.S.C. § 12181; 28 C.F.R. §36.508(a)

24. The Facility is a public accommodation and service establishment.

25. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of Attorney General, promulgated

federal regulations to implement the requirements of the ADA. 29 C.F.R. Part 36. Public accommodations were required to conform to these regulations by January 26, 1992 (or January 26, 1993 if defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. §1281, *et seq.*, and 28 C.F.R. §36.508(a).

26. The Facility must be, but is not, in compliance with the ADA and ADAAG.

27. Plaintiff has attempted to and has, to the extent possible, accessed the Facility in his capacity as a patient of BERAJA MEDICAL INSTITUTE INC., but could not fully do so because of his disabilities due to the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility that preclude and/or limit his access to the Facility and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

28. Plaintiff intends to visit the Facility again in the very near future as a patient in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Facility, but will be unable to fully do so because of his disability and the barriers to access, conditions and ADA violations that exist at the Facility that preclude and/or limit his access to the Facility and/or services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

29. Defendants have discriminated against Plaintiff and others with disabilities, by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility, as prohibited by, and by failing to remove barriers as required by 42 U.S.C. §12182, and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all barriers that exist at the Facility, including those specifically set forth herein, and make the Facility accessible to and usable by persons with disabilities, including Plaintiff.

30. Defendants have discriminated against Plaintiff by failing to comply with the above requirements. A specific, although not exclusive, list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed and preclude and/or limit Plaintiff's ability (because of his disability) to access the Facility and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility and Property, include:

**ACCESSIBLE ELEMENTS**

a. The required handrails on both sides of the stairway are not present in violation of section 505.2 of the 2010 ADAAG standards. This violation made it difficult and dangeriys for Plaintiff to access the units of the Property.

b. The handrails of the stairway do not properly extend twelve inches beyond the stairs and are in violation of section 505.10 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to access the units of the Property.

c. Stairs lack signs with braille indicating floor number and fail to comply with section 703.5 of the 2010 ADAAG standards.

d. The doorway of the eastern accessible entrance is not level in violation of section 404.2.4.4 of the 2010 ADAAG regulations. This violation made it difficult for Plaintiff to access the units of the Property.

e. The Property has a ramp leading to the eastern accessible entrance with a slope exceeding 1:10 in violation of section 405.2 of the 2010 ADAAG regulations. The steep surface of the ramp caused Plaintiff to lose his footing temporarily because he was expecting a more flat surface, this violation made it dangerous and difficult for Plaintiff to access the units of the Property.

f. There is an accessible space in the western parking lot that has an access aisle that is not wide enough due to the presence of a pole and is in violation of section 502.3.1 of the 2010 ADAAG standards. When

exiting the automobile after receiving a ride from a friend, Plaintiff struck himself on the pole because he was not expecting it to be there.

g. The accessible route leading from the western accessible parking spaces has vertical rises in excess of ¼ inch in height, is not stable or slip resistant, has broken or unstable surfaces or otherwise fails to comply with Section 302 and 303 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access the units of the Property. Plaintiff almost tripped on the uneven pavement.

h. The elevator on the Property lacks audible indicators for each floor in violation of section 407.4.8.2 of the 2010 ADAAG standards.

31. The above listing is not to be considered all-inclusive of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Facility.

32. All of the above violations are readily achievable to modify in order to bring the Facility into compliance with the ADA.

33. The removal of the barriers to access and conditions present at the Facility is readily achievable because the nature and cost of the modifications are relatively low and the Defendants have the financial resources to make the necessary modifications.

34. Upon information and belief, the Facility has been altered since 2010.

35. In instances where the 2010 ADAAG standard does not apply, the 1991 ADAAG standard applies and all of the violations listed in paragraph 37 can be applied to the 1991 ADAAG standards.

36. Plaintiff has attempted to gain access to the Facility in his capacity as a patient, but because of his disability has been denied full access to, and has been denied the benefits of services, programs and activities of the Facility, and has otherwise been discriminated against and damaged by Defendants, because of the barriers, conditions and ADA violations set forth above, and expect to be discriminated against in the near future by Defendants because of Plaintiff's disabilities, unless and until Defendants are compelled to remove the unlawful barriers and conditions and comply with the ADA.

37. The removal of the barriers, dangerous conditions and ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense.  42 U.S.C. §12182(b)(2)(A)(iv); 42 U.S.C. §12181(9); 28 C.F.R. §36.304.

38. Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the barriers, dangerous conditions and ADA violations that exist at the Facility and Property, including those set forth herein. The relief requested serves the public interest and the benefit to Plaintiff and the public far outweigh any detriment to Defendants.

SCHAPIRO LAW GROUP, P.L
21301 Powerline Road, Suite 106 • Boca Raton, Florida 33433 • Tel (561) 807-7388 • Fax (561) 807-7198

39. Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action, and has agreed to pay the undersigned counsel reasonable attorney's fees, costs, and expenses from Defendants pursuant to 42 U.S.C. § § 12205 and 12117.  Plaintiff is entitled to his reasonable attorney's fees, costs, and expenses from Defendants pursuant to 42 U.S.C. § § 12205 and 12117.

40. Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including an order to alter the subject Facility and Property to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA.

WHEREFORE, Plaintiff respectfully requests that this Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices, ordering Defendants to remove the barriers to access and alter the subject Facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA and award Plaintiff his reasonable attorneys' fees, litigation expenses and costs.

**COUNT II – Violation of the Rehabilitation Act of 1973 against BERAJA MEDICAL INSTITUTE INC.**

41. Plaintiff reavers the allegations set forth in paragraphs 1 through 18 and 20 through 40 as though fully stated herein.

42. Prior to BERAJA MEDICAL INSTITUTE INC. being located at the Facility, BERAJA MEDICAL INSTITUTE INC. intentionally discriminated, or at a minimum, was deliberately indifferent to the discrimination of individuals with visual disabilities, like Plaintiff, by choosing to locate its medical offices in a location that clearly violated multiple aspects of the ADA, the Rehabilitation Act of 1973 and ADAAG relating to visual disabilities.

43. BERAJA MEDICAL INSTITUTE INC. has intentionally discriminated against Plaintiff and others with visual and mobility related disabilities, by choosing a location it knew to be non-compliant with the ADA relating to barriers to access impacting the mobility impaired, thus denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility and Property.

44. BERAJA MEDICAL INSTITUTE INC. has never requested from BERAJA INVESTMENTS, LTD., or any other prior landlord or property manager who has operational control over the Property that the barriers to access found throughout the Property be corrected despite servicing numerous individuals with visual and mobility related disabilities such as the Plaintiff.

45. By being intentionally indifferent to the plight of the visual and mobility impaired, BERAJA MEDICAL INSTITUTE INC. has imposed an eligibility criterion for its patients, this eligibility criterion tends to screen out an individual with mobility related disabilities from fully enjoying the services and facilities BERAJA MEDICAL INSTITUTE INC. provides.

46. Moreover, BERAJA MEDICAL INSTITUTE INC. has failed to take such steps as may be necessary to ensure that no individual with a visual and mobility related disability, like Plaintiff, is excluded, denied services or otherwise treated differently than other non-disabled individuals because of the absence of auxiliary aids and services.

47. The intentional nature of the discrimination BERAJA MEDICAL INSTITUTE INC., has wrought on Plaintiff, stems in part from the fact that BERAJA MEDICAL INSTITUTE INC. is a complex business owner who interacts with individuals with visual and mobility related disabilities on a regular basis. Any failure on the part of BERAJA MEDICAL INSTITUTE INC. to choose a location that complies with the ADA, modify the property to comply with the ADA or for its own policies and procedures to comply with the ADA, ADAAG or Rehabilitation Act relating to barriers to access impacting individuals with

mobility-related disabilities, like Plaintiff, can only be the result of an animus or distaste against individuals with visual and mobility related impairments.

48. The intentional discrimination of the Plaintiff by BERAJA MEDICAL INSTITUTE INC. has caused Plaintiff to suffer emotional distress and damages in the past and he continues to suffer distress and damages in the future due to BERAJA MEDICAL INSTITUTE INC.'s intentional discrimination.

49. Moreover, Plaintiff's intent to return to the Facility and Property as a patient is giving him further emotional distress as he is concerned about his safety when he intends to return.

50. Plaintiff's intent to return stems, in part, from a desire not to be bullied or cringe in the face of discrimination, so despite his anxiety Plaintiff desires to return.

51. In accordance with the 11th Circuit's opinion of *Shelly vs. MRI Radiology Network,* 505 F.3d 1173 (11th Cir. 2007), Plaintiff seeks damages for mental and emotional distress caused by the personal humiliation, mental anguish and suffering caused by the intentional discrimination of BERAJA MEDICAL INSTITUTE INC.. These emotional damages are available to make whole the victims of violations of § 504 of the Rehabilitation Act.

52. Plaintiff further seeks a declaratory judgment that the BERAJA MEDICAL INSTITUTE INC.'s inactions, policies and practices violate the Plaintiff's rights under section 504 of the Rehabilitation Act by discriminating against him on the basis of his disability.

WHEREFORE, Plaintiff respectfully requests that this Court issue a permanent injunction enjoining BERAJA MEDICAL INSTITUTE INC. from continuing its discriminatory practices, ordering BERAJA MEDICAL INSTITUTE INC. to seek removal of the physical barriers to access and alter the subject Facility to make it readily accessible to and useable by individuals with disabilities to the extent required by Section 505 of the Rehabilitation Act of 1973, entering a declaratory judgment asserting that BERAJA MEDICAL INSTITUTE INC.'s practices violate the Plaintiff's rights under section 504 of the Rehabilitation Act by intentionally discriminating against him on the basis of his disability, compensate Plaintiff for mental and emotional distress damages and award Plaintiff his reasonable attorneys' fees, litigation expenses and costs.

Respectfully submitted this 15th day of December, 2015.

/s/ Douglas S. Schapiro
Douglas S. Schapiro
Fla. Bar #54538
The Schapiro Law Group, P.L
Attorney for Plaintiff
21301 Powerline Road
Suite 106
Boca Raton, FL 33433
Tele: (561) 807-7388
Fax: (561) 807-7198
Email: schapiro@schapirolawgroup.com